BRETT E. LEWIS (BL6812)
JUSTIN MERCER (JM1954)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY  11201
Brett@iLawco.com
Justin@iLawco.com
Telephone:  (718) 243-9323
Facsimile: (718) 243-9326

Attorneys for Plaintiff
STRONGLIFTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| MEHDI HADIM, an individual, d/b/a STRONGLIFTS, <br><br> Plaintiff, <br><br> -against- <br><br> ANDREW COLEMAN, an individual, d/b/a STRONG LIFT WEAR and STRONG LIFT WEAR PTY LTD, an Australian private company, <br><br> Defendants. | Index No.: 15-cv-5244 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

----------------------------------------------------------X

Plaintiff Mehdi Hadim, d/b/a Stronglifts ("Stronglifts"), by its attorneys, for its complaint against Defendants Andrew Coleman, d/b/a Strong Lift Wear ("Coleman") and Strong Lift Wear Pty Ltd. ("SLW," collectively with Coleman, "Defendants" or "Strong Lift Wear"), alleges as follows:

**Subject Matter Jurisdiction and Venue**

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 1400(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiff and Plaintiff's trademark(s) occurred in this District by reason of Defendants' conduct as alleged below.

**Parties**

3. Plaintiff StrongLifts is a sole proprietorship with its principal place of business located at Suite 2512 Langham Place Office Tower, 8 Argyle Street, Mongkok, Kowloon, Hong Kong.

4. Upon information and belief, Defendant Coleman is a sole proprietorship with a principal place of business at U 17, 6 Willgilson Ct., Oakleigh VIC 3166, Australia.

5. Upon information and belief, Defendant SLW is an Australian private company with a principal place of business at 185-189 Boundary Road, Laverton North VIC 3026, Australia.

**Personal Jurisdiction**

6. Defendants are subject to the jurisdiction of this Court by virtue of having made, used, imported, sold or offered for sale in the United States, including delivering into this judicial district, products which infringe Plaintiff's trademark(s), and having transacted significant business in this judicial district related to the causes of action presented. Defendants operate a website at www.strongliftwear.com and regularly contact customers or solicits customers in the State of New York and in this judicial district. Defendants' website promises "fast & free tracked postage to the USA" and that "[w]e ship from the

USA using USPS."

## Background

7. Plaintiff resides in Belgium and hosts a website in the United States, located at www.stronglifts.com. On March 25, 2007, Plaintiff registered the domain name <stronglifts.com> for the purpose of providing fitness training information for increasing strength, building muscle, and reducing body fat.

8. On May 1, 2007, Plaintiff launched his website at <stronglifts.com> (the "StrongLifts Website").

9. Plaintiff has been using the U.S. registered STRONGLIFTS® Mark continuously in commerce since 2007.

10. Beginning in 2007, Plaintiff invested heavily in developing the StrongLifts Website. Plaintiff invested substantial time and money for content creation, email marketing, hosting, software development, design, search engine optimization and other performance improvements. Plaintiff's website grew to become very popular among strength trainers, power lifters, bodybuilders, and gym goers, all while prominently displaying the STRONGLIFTS® trademark on Plaintiff's Website.

11. Plaintiff's StrongLifts Website is a commercial success. Since 2007, the StrongLifts Website has received over 49 million visitors.

12. In 2010, Plaintiff developed an application (the "app") for smart phones, which provided fitness training information for increasing strength, building muscle and reducing body fat. This app, which Plaintiff also called STRONGLIFTS®, tracks repetitions and sets done by a weight lifter on different exercise machines and using free weights, including squat, deadlift, bench press, overhead press, barbell row, pull-ups, and dips.

13. The app, which has been sold on the StrongLifts Website since 2010, also prominently displays the STRONGLIFTS® Mark.

14. Plaintiff has invested heavily in graphically designing and programming the app. Like the StrongLifts Website, the app is a commercial success – it has been downloaded more than 700,000 times globally and more than 13,000 times in the United States alone. In 2014, the app was featured by Apple in television commercials promoting select apps for their popular smartphone that aired during major internationally-televised sporting events, such as the 2014 FIFA World Cup and the Stanley Cup Playoffs, including in the United States, Canada, the United Kingdom, Australia, France, and China.

15. Plaintiff has also made common law use of the STRONGLIFTS® Mark in connection with the sale of clothing in the United States, since as early as 2009.

16. The STRONGLIFTS® Mark is inherently distinctive.

17. As a result of the foregoing activities, Plaintiff's STRONGLIFTS® Mark has come to be well-known among strength trainers, power lifters, bodybuilders, and general gym goers, through its widespread and continuous use in commerce.

18. On April 20, 2012, Plaintiff filed a trademark application with the US Patent and Trademark Office ("USPTO") seeking registration of the STRONGLIFTS® Mark in connection with: "Personal fitness training services and consultancy; Personal training provided in connection with weight loss and exercise programs; Personal training services, namely, strength and conditioning training; Providing a website featuring online sports training and training advice and the recording of training and workouts; Providing information in the field of exercise training." The STRONGLIFTS® trademark was approved and registered with the USPTO on April 2, 2013, Reg. No. 4,314,677.

19. In late 2014, Plaintiff became aware that Defendants had registered the domain name <strongliftwear.com> (the "Infringing Domain") and launched a competing website, located at www.StrongLiftWear.com.

20. Upon information and belief, Defendants registered the Infringing Domain on July 30, 2012—after Plaintiff's application for the STRONGLIFTS® Mark had been filed with the USPTO.

21. Upon information and belief, Defendants began hosting a website at the Disputed Domain some time between October 2012 and April 3, 2013 (the "StrongLiftWear Website").

22. Like Plaintiff's StrongLifts Website, Defendants' StrongLiftWear Website markets itself to body-builders and weight lifters, among other fitness enthusiasts, selling body-building apparel.

23. Defendants' customers are the same body-building customers targeted by Plaintiff for sales of Plaintiff's body-building clothing and fitness services.

24. Plaintiff's StrongLifts Web site and app feature a black and red color scheme. Defendant's Strong Lift Wear Mark features a similar font and the same black and red color scheme.

25. Plaintiff's STRONGLIFTS® Mark and Defendants' Strong Lift Wear mark are virtually identical.  Both feature the words "Strong Lift."  Defendants' mark simply removes the letter "s" and adds the word "wear," which is generic for clothing.

26. Upon learning that Defendants were using the infringing "Strong Lift Wear" mark in connection with the sale of clothing in the US, Plaintiff contacted Defendants by email, dated February 23, 2015, and informed Defendants of Plaintiff's rights in the

STRONGLIFTS® Mark. Plaintiff further asked Defendants to transfer the Infringing Domain and associated social media accounts.

27. Defendant Coleman responded by immediately filing for a trademark for "Strong Lift Wear" in Australia. Defendants made no attempt to respond to Plaintiff's email.

28. On April 1, 2015, Plaintiff took steps to protect its rights by filing a Complaint against Defendant Coleman with the National Arbitration Forum ("NAF"), pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP"), alleging cybersquatting.

29. Defendants filed a Response, in which he denied having been aware of Plaintiff's mark prior to registering the Infringing Domain, notwithstanding the fact that Plaintiff had been doing business – and selling clothing – in Australia under the STRONGLIFTS® Mark since at least as early as 2009. Australia accounts for roughly ten percent of Plaintiff's global sales.

30. Defendants also claimed to have a substantial Web presence – over 810,000 unique visitors over the preceding 12 months and 4,200,000 page views for its StrongLiftWear Website.

31. Through the UDRP, Plaintiff also learned that Defendants claimed to have spent over $100,000 on advertising and promotions on Facebook and Google Adwords in the past 12 months, alone, as well as generated sales in excess of $1,500,000 in 2014, alone.

32. Notwithstanding Plaintiff's notoriety in Australia, an NAF panel ruled in favor of Defendants on the issue of cybersquatting, based largely on Respondent's claim that it had no knowledge of Plaintiff at the time that it adopted its competing mark.

33. The NAF ruling has no weight in this action, and is wholly irrelevant to a claim of trademark infringement under the Lanham Act.

34. Defendants' Web site targets customers in the United States under a section of its Web site called "Strong Lift Wear International." Defendants advertise that they have a warehouse in the United States.

35. Upon information and belief, a substantial portion of Defendants' advertising targets persons in the United States, and a substantial portion of Defendants' sales are made to customers in the United States.

36. Defendants were on constructive notice of Plaintiff's U.S. registered STRONGLIFTS® mark prior to adopting the confusingly similar Strong Lift Wear mark. Defendants have had actual notice of Plaintiff's rights since at least as early as February 23, 2015, yet has continued aggressively to market and promote confusingly similar and directly competing goods in the United States.

37. After receiving actual notice of Plaintiff's rights, Defendants offered for sale and/or delivered into this judicial district goods that infringe Plaintiff's STRONGLIFTS® mark.

38. Defendants' acts constitute willful trademark infringement under the Lanham Act.

## FIRST CAUSE OF ACTION

**[Infringement of Registered Trademark, 11 U.S.C. § 1125(a)]**

39. Plaintiff realleges and incorporates by reference Paragraphs 1 through 38 as though fully set forth here.

40. The STRONGLIFTS® Mark is inherently distinctive of Plaintiff's services.

41. The STRONGLIFTS® Mark has further acquired distinctiveness and secondary meaning in connection with its fitness training, strength training, and bodybuilding services, Websites, clothing, apps, events, seminars, coaching, books, and videos.

42. By virtue of its extensive use by Plaintiff in connection with the above services,

STRONGLIFTS® has become a strong trademark in the field of fitness training, strength training, and bodybuilding-related services.

43. Defendants' use in commerce of the confusingly similar Strong Lift Wear Mark is likely to cause confusion, mistake or to deceive.

44. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

45. Defendants have unfairly profited from the trademark infringement alleged.

46. By reason of Defendants' acts of trademark infringement, Plaintiff has suffered damages to the goodwill associated with its STRONGLIFTS® Mark.

47. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff.

48. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, who has an interest in being free from confusion, mistake, and deception.

49. By reason of Defendants' acts of trademark infringement, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant.  Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50. Defendants' acts of trademark infringement are willful, and Plaintiff is entitled to treble damages under 15 U.S.C. § 1117.

51. This is an exceptional case, making Plaintiff eligible for an award of attorney's fees under 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants awarding Plaintiff:

1. Disgorgement of Defendants' profits in an amount to be determined at trial due to Defendants' acts of trademark infringement under the Lanham Act, 15. U.S.C. § 1125(a);

2. Treble damages for willful infringement;

3. a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Plaintiff's STRONGLIFTS® Mark, including in connection with any domain name;

4. attorney's fees and costs; and

5. such other relief as the Court deems just and equitable under the circumstances.

Dated: Brooklyn, New York
July 7, 2015

Respectfully submitted,

Lewis & Lin, LLC

_____
Justin Mercer

Attorneys for Plaintiff
Mehdi Hadim, d/b/a STRONGLIFTS

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury for all issues so triable.

Dated:  July 7, 2015.

                                              Respectfully submitted,

                                              Lewis & Lin, LLC

                                              _____

                                              Justin Mercer

                                              Attorneys for Plaintiff
                                              Mehdi Hadim, d/b/a STRONGLIFTS